UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| **EDWARD BENDER,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **DONALD L. EVANS,** in his | : | Civil Action Numbers |
| official capacity as U.S. Secretary | : | 2:03cv519 and 2:04cv300 |
| of Commerce and **PATRICIA A.** | : | |
| **KURKUL,** in her official capacity | : | |
| as Regional Administrator for | : | |
| National Oceanic and Atmospheric | : | |
| Administration, National Marine | : | |
| Fisheries Service, | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## MEMORANDUM ORDER

Plaintiff Edward H. Bender challenges in this consolidated action two administrative rules that the National Oceanic and Atmospheric Administration ("NOAA") promulgated pursuant to the Endangered Species Act, 16 U.S.C. §§ 1531-1544. The rules purportedly conserve threatened species of sea turtles by restricting pound fishing in the lower Chesapeake Bay. The first challenged Rule was enacted in 2003 and has since expired. NOAA promulgated the second Rule in 2004, and it remains in effect.

As part of his challenge, plaintiff has moved to supplement the administrative record that defendants filed with the Court. (Docket No. 33). The motion is **GRANTED IN PART and DENIED IN PART**.

The specific items that plaintiff wants included in the record before the Court are:

(a) A transcript of the comments that Professor Jack Musick made at a September 3, 2003 meeting;

(b) The discussions and opinions of the National Marine Fisheries Service ("NMFS") staff with respect to the objections filed by Professor Musick and commercial pound fishermen;

(c) Recognition in the record that the objections identified in item (b) represent "the best scientific and commercial data available;"

(d) Documents reflecting the advice that NMFS received from its attorneys regarding application of the Administrative Procedures Act's 30 day delay period;

(e) Copies of the petitions that plaintiff filed after promulgation of the 2004 Rule;

(f) A copy of the Rule that NOAA promulgated in 2001;

(g) Quantification of the number of "turtle mortalities" caused by specific pound net operations;

(h) An index of the of the individuals cited in the administrative record, along with a summary of their scientific and commercial expertise.

When presented with an appeal of an agency decision, the District Court "shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error." 5 U.S.C. § 706. The reviewing court has the discretion to review extra-record information. *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420 (1971). The Court declines to exercise its discretion to include item (d) in the record because the documents sought are protected by the attorney-client privilege. *Town of Norfolk v. United States Army Corps of Eng'rs*, 968

F.2d 1438, 1457-1458 (1st Cir. 1992), *MD Pharmaceutical, Inc. v. DEA*, 133 F.3d 8, 15 (D.C. Cir. 1998). Item (b) involves similarly protected materials. *Fund for Animals v. Williams*, 245 F. Supp. 2d 49, 55 (D.D.C. 2003). Items (a), (g), and (h) apparently do not exist. The request in item (c) involves a characterization of the record rather than a document that should be included within it.

This leaves items (e) and (f). Because the petitions plaintiff filed after promulgation of the 2004 Rule may simply amplify his prior objections, the Court will allow this supplementation and will consider the petitions to the extent appropriate. The 2001 Rule is published, so plaintiff may cite it freely without need for formal supplementation.

Plaintiff also requests that the Court expand its jurisdiction to consider the propriety of the pound fishing rules that NOAA promulgated in 2001 and 2002. (Docket No. 36). These Rules have long since expired. Therefore the Court **DENIES** plaintiff's motion because any challenge to the 2001 and 2002 Rules would be moot. *Gulf of Maine Fishermen's Alliance v. Daley*, 292 F. 3d 84, 88 (1st Cir. 2002).

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to plaintiff *pro se* and counsel of record.

IT IS SO ORDERED.

_____/s/_____
WALTER D. KELLEY, JR.
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
September 30, 2005